B. F. MAJOR v. THE STATE.

No. 4058.  Decided May 3, 1916.

**1.—Manslaughter—Sufficiency of the Evidence.**

Where, upon trial of murder and a conviction of manslaughter, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Argument of Counsel—Bill of Exceptions.**

Where the bill of exceptions showed the refusal of the court to submit a requested charge to disregard a certain argument of State's counsel that it was on

the ground that said argument was in reply to the arguments of defendant's at-
torneys, there was no reversible error.

Appeal from the District Court of Tarrant.     Tried below before the
Hon. Ben M. Terrell.

Appeal from a conviction of manslaughter; penalty, three years im-
prisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of
manslaughter and his punishment assessed at three years in the peni-
tentiary.

There are but two questions raised.   One is, appellant claims the
evidence is insufficient to sustain the verdict.   We have carefully read
the testimony and the record, and, in our opinion, the evidence was
amply sufficient not only to sustain the verdict of manslaughter, but
to have sustained a verdict of murder.   We see no necessity of reciting
the testimony for the purpose of this case or as a precedent for any
other.

The other question is to the refusal of the court to give his special
charge to disregard a certain argument of the county attorney.   The
court refused to give the charge, expressly stating that the remarks of
the county attorney were in reply to appellant's attorney.   As explained
above, in the refusal of the charge itself and of appellant's bill on the
subject, no error is presented.

The judgment is affirmed.

*Affirmed.*